IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORUM ON OPEN ACCESS TO PUBLIC RECORDS INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | 3:24-cv-02299-B |
| DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM, | § § § § § | |
| *Defendant*. | § | |

**DEFENDANT DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM'S MOTION TO DISMISS**

Defendant Dallas County Historical Foundation d/b/a The Sixth Floor Museum ("Defendant") respectfully files this Motion to Dismiss Plaintiff Forum on Open Access to Public Records Inc.'s ("Plaintiff") First Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). Defendant's Motion should be granted pursuant to Rule 12(b)(1) because Plaintiff lacks standing to pursue any claims against Defendant. Defendant's Motion should be granted pursuant to Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted and improperly seeks an advisory opinion on a hypothetical factual circumstance in violation of *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118 (2007).

**I.   INTRODUCTION**

Defendant is a Texas educational and charitable non-profit corporation that operates the Sixth Floor Museum at Dealey Plaza that chronicles the assassination and legacy of President John F. Kennedy. Defendant opened in 1989 as an exhibit and has since evolved into a fully accredited museum with professional museum management that has become a fixture in the historical

1

community of Dallas. Over the years, Defendant has welcomed millions of visitors from all over the world. In addition to having possession of various original historical films and photographs related to the assassination of President Kennedy ("Works"), Defendant has acquired the copyrights therein. As part of Defendant's ordinary course of business, Defendant operates a licensing program to license the copyrights in these Works, which includes a film recorded by Abraham Zapruder ("Zapruder Film"). Defendant was assigned all right, title, and interest in the copyright to the Zapruder Film in 1999.

Defendant has licensed the Zapruder Film to researchers and persons with a legitimate educational or academic interest, usually for free, and has licensed the Zapruder Film for commercial purposes for a licensing fee. Significantly, Plaintiff has never contacted Defendant to discuss licensing the copyright in the Zapruder Film. Indeed, Plaintiff has not contacted Defendant in any way outside of this litigation.

Although Plaintiff alleges that it is "dedicated to the free and open access to public records" (Doc. 16, at ¶ 15), several documents that were publicly filed with the Texas Secretary of State provide information demonstrating that the actual purpose of Plaintiff's existence is solely for this litigation.

1. While this lawsuit has been filed by an entity under the name Forum on Open Access to **Public** Records Inc., the documents on file with the Texas Secretary of State are for an entity under the name of Forum on Open Access to **Government** Records Inc. Exs. 1 & 2. As best Defendant can tell, no Certificate of Formation has been filed with the Texas Secretary of State for an entity operating under the name Forum on Open Access to **Public** Records Inc. As such, the Plaintiff entity may not exist and therefore lacks standing.

2. Counsel for Plaintiff filed a similar lawsuit on behalf of a separate legal entity against Defendant and the National Archives in the Northern District of California over nearly identical facts and issues focused on the Zapruder Film. Defendant was dismissed from the California litigation for lack of personal jurisdiction. *Foiaconsciousness.com LLC v. Nat'l Archives & Records Admin., et al.*, Case No.

    3:24-cv-00997-JD (N.D. Cal.) (Doc. 39). This demonstrates that the allegations are merely hypothetical.

3. Plaintiff's Certificate of Formation filed with the Texas Secretary of State (Ex. 1) discloses that Plaintiff's directors are Mark Javitch (Plaintiff's counsel), Allison Javitch, and Andrew Boehm (presumably a former client of Plaintiff's counsel, *see Boehm v. Shore Funding Sols Inc., et al.*, Case No. 8:23-cv-00561-BCB-SMB (D. Neb.)).

Due to the differences in the name of the entity incorporated in Texas and the name of the Plaintiff, it is unclear whether Plaintiff has made any Freedom of Information Act ("FOIA") request. Indeed, those requests are not of record. Moreover, Plaintiff alleges that it made its first FOIA request for the Zapruder Film to the National Archives and Records Administration ("National Archives") on June 28, 2024. (Doc. 16, First Amended Complaint, ¶ 65); but that is about two (2) weeks before the entity "Forum on Open Access to Government Records Inc." was incorporated as a Texas non-profit corporation on July 12, 2024.

Plaintiff initiated this lawsuit on September 9, 2024. Unprompted, Plaintiff amended its Complaint on October 14, 2024. Despite the amendment, Plaintiff's claims are factually and legally subject to dismissal for the reasons outlined below and addressed more fully in Defendant's supporting Brief.

Plaintiff is not seeking access to the Zapruder Film because it already has the ability to access the Zapruder Film. Anyone can inspect the original Zapruder Film by visiting the National Archives' facility in College Park, Maryland. Plaintiff seeks instead to destroy the copyrights of Defendant solely because it is of the opinion that the Zapruder Film should not be subject to copyright protections. If Plaintiff's lawsuit is allowed to continue, it would encourage anyone to file suit against any copyright owner solely to seek to obtain a judgment that the underlying work is free of copyright protection rather than seeking a license or even discussing with the copyright owner what future use of the work is planned. At present, Plaintiff has not used or copied the

Zapruder Film and has not asked Defendant for a license to the copyright in the Zapruder Film therein or indicated what use of the Zapruder Film it has planned. Plaintiff apparently seeks to invalidate the Defendant's copyrights so as to allow anyone to use the Zapruder Film in any way without the need for permission even though it has never been denied permission by Defendant.

## II.     CONCLUSION

For the foregoing reasons and those explained in detail in Defendant's Brief in Support of its Motion to Dismiss, Defendant respectfully requests its Motion to Dismiss be granted, the Court dismiss Plaintiff's claims with prejudice, deny Plaintiff leave to amend its Complaint for a second time, and grant Defendant any such further relief to which it may be entitled.

Dated: December 4, 2024                                         Respectfully Submitted,

*/s/ Charles E. Phipps*

Charles E. Phipps
  Texas State Bar No. 00794457
  cphipps@lockelord.com
A. Tucker Davison
  Texas State Bar No. 24120794
  tucker.davison@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 Telephone
(214) 740-8800 Facsimile

Daniel A. Solitro (admitted *pro hac vice*)
  California State Bar No. 243908
  dsolitro@lockelord.com
**LOCKE LORD LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
(213) 485-1500 Telephone
(213) 485-1200 Facsimile

**COUNSEL FOR DEFENDANT DALLAS COUNTY HISTORICAL FOUNDATION, d/b/a THE SIXTH FLOOR MUSEUM**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 4, 2024, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                           */s/ Charles E. Phipps*
                                           Charles E. Phipps