UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORUM ON OPEN ACCESS TO PUBLIC RECORDS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-2299-B |
| DALLAS COUNTY HISTORICAL FOUNDATION d/b/a THE SIXTH FLOOR MUSEUM, | § § § § | |
| Defendant. | § § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Dallas County Historical Foundation d/b/a The Sixth Floor Museum (the "Museum")'s Motion to Dismiss (Doc. 21). For the following reasons, the Court **GRANTS** the Museum's Motion and **DISMISSES** the Forum on Open Access to Public Records Inc. (the "Forum")'s Complaint for lack of subject-matter jurisdiction **WITHOUT PREJUDICE**. A final judgment will follow.

I.

BACKGROUND

This is a copyright case. The Forum is an organization "dedicated to promoting free and open access to public records." Doc. 16, Am. Compl., ¶ 15. It believes the Zapruder Film, a film that captures the assassination of John F. Kennedy, is a "public record that is owned by the American people." *Id.* ¶¶ 15, 20. The Museum holds the copyright on the Zapruder Film and the still Frames. *Id.* ¶ 64. Even though the Museum holds the copyright, the National Archives

possesses the Zapruder Film and Frames. *Id.* ¶ 66. Anyone can view the materials in the National Archives' research room. *Id.* But because the copyright is owned by the Museum, those "wishing to copy the slides must first obtain written permission from the . . . Museum." *Id.*

The Forum submitted two Freedom of Information Act ("FOIA") requests for copies of the Frames to the National Archives. *Id.* ¶¶ 65, 68. The National Archives denied both requests because the Forum did not have "written permission from the Museum" and instructed the Forum to ask the Museum for permission. *Id.* ¶¶ 66, 71. The Forum does not allege that it asked the Museum for copies of the Frames or that it has reason to believe the Museum would deny its request. It also does not allege that, before filing this lawsuit, it has published or seeks to publish the Frames.

The Forum seeks a declaratory judgment on five claims, asking the Court to find that the Museum does not have a valid copyright, or if it does, that the Forum's hypothetical use would fall under the fair use doctrine. *Id.* ¶¶ 73–119. The Museum filed a Motion to Dismiss, arguing that the Court lacks subject-matter jurisdiction, or in the alternative, that the Forum failed to state a claim for relief. Doc. 21, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARDS

### A.    *Subject-Matter Jurisdiction*

A court must dismiss a case for lack of subject-matter jurisdiction under Rule 12(b)(1) where it "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the

complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). To the extent the court relies on the complaint alone, however, the court must accept all factual allegations as true. *Williamson*, 645 F.2d at 412. "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

B.    *Declaratory Judgment Act*

 "The Declaratory Judgment Act provides that, in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293–94 (5th Cir. 2019) (internal quotations and citations omitted). To award relief under the Declaratory Judgment Act, courts must have an independent basis for jurisdiction. *TTEA v. Ysleta Del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir. 1999).

### III.

### ANALYSIS

The Court lacks subject-matter jurisdiction over the case because the Forum has not alleged an actual case or controversy. "When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy exists between

the parties to the action." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). For there to be an actual controversy in a copyright case, "the plaintiff must show that it has actually published or is preparing to publish the material that is subject to the defendant's copyright and that such publication places the parties in a legally adverse position." *Texas v. W. Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989). The Forum has failed to allege an actual controversy.

First, the Forum has not alleged that is has actually published or was preparing to publish the Frames. *See id.* The Forum alleges that it submitted two FOIA requests to the National Archives, but it does not allege how it intended to use the Frames at the time the suit was filed. Doc. 16, Am. Compl., ¶¶ 66–72. Thus, it fails to allege an actual controversy. *See W. Pub.*, 882 F.2d at 175. In *West Publishing*, the Fifth Circuit found that the plaintiff did not establish an actual controversy because it did not show that it "has in the past, is currently, or intends in the future to engage in any commercial publishing" of the defendant's copyrighted material. *Id.* Here too, the Forum fails to allege that it is preparing to publish the Frames.

The Forum argues for the first time in its Response that it "seeks to publish commentary and the images themselves." Doc. 24, Resp., 13. But the Forum does not allege this in its Complaint. And even if it had alleged this in its Complaint, this alone does not allege an actual controversy because it is unclear that the Museum would prevent this use.

Second, the Forum has failed to allege that its hypothetical use of the Museum's copyrighted materials places it in a legally adverse position to the Museum. *W. Pub.*, 882 F.2d at 175. The Forum has alleged that the National Archives refused its request and instructed the Forum to contact the Museum to receive permission to use the Frames. Doc. 16, Am. Compl., ¶¶66, 71. The Forum fails to allege whether it requested permission from the Museum or whether

the Museum denied its request. Without this information, the Court cannot determine whether the Forum's use would be legally adverse to the Museum's position. As the Museum stated in its Motion, it has "not even been given the opportunity to take a position as to whether it would license Plaintiff to use a copy." Doc. 22, Mot., 11. It is impossible for the Court to decide if there is an actual controversy without this information. The Forum needed to allege conduct by the Museum that implies an "'imminent threat of impending legal action.'" *Id.* at 176 (internal citation omitted). Instead, it alleged that the Museum has never sued anyone to enforce its copyright. Doc. 16, Am. Compl., ¶ 86. Thus, the Forum has failed to allege that it is in a legally adverse position to the Museum.

The Forum argues that "[t]he fact that the Museum has not yet brought a specific claim for copyright infringement does not nullify the controversy." Doc. 24, Resp., 13. It cites a case where the Southern District of Texas stated, "even when a defendant does not pursue an available copyright claim the court has subject-matter jurisdiction over a declaratory-judgment plaintiff's claim for copyright non-infringement as long as there is an actual controversy between the parties over intellectual property." *BHL Boresight, Inc. v. GeoSteering Sols., Inc.*, No. 4:15-CV-00627, 2017 WL 1177966, at *3 (S.D. Tex. Mar. 29, 2017). But there, unlike here, there was an actual controversy. There, the copyright holder sued the other party for using its software to develop a new technology. *Id.* at *4. But here, the Forum has not alleged that the Museum has suggested that the Forum's hypothetical use of the Frames would violate the Museum's intellectual property rights, let alone that the Museum would sue.

The Forum also cites a case from the Southern District of New York to argue that an actual controversy exists because the Museum argues it has a valid copyright. Doc. 24, Resp., 12–13. But

in that case the court held that "an actual controversy cannot be based on the mere existence of the [Defendant's] claim to copyright." *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 405 (S.D.N.Y. 2012). Here, the Forum has alleged nothing more than the existence of the Museum's copyright to establish the threat of adverse legal action. This does not suffice.

In sum, the Forum alleged that the Museum claims to hold a copyright of the Frames and that the Forum wants to use the Frames. It has not alleged that the Museum will stop them. Thus, the Court lacks subject-matter jurisdiction because the Forum failed to allege an actual case or controversy. *See Orix*, 212 F.3d at 895.

Because the Court lacks subject-matter jurisdiction, it need not consider the Museum's 12(b)(6) Motion. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that a district court should dismiss on jurisdictional grounds without reaching the merits). The Court dismisses the Forum's Amended Complaint without prejudice. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) ("[A]ny dismissal predicated on [12(b)(1)] must be without prejudice.").

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion (Doc. 21) and **DISMISSES** the Forum's Complaint for lack of subject-matter jurisdiction **WITHOUT PREJUDICE**. A final judgment will follow.

SO ORDERED.

SIGNED: March 31, 2025.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE